UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW HOLLIS,<br><br>                         Petitioner,<br><br>v.<br><br>JAMES HILL, Warden,<br><br>                         Respondent. | Case No.:  24cv1643 AJB (SBC)<br><br>**ORDER:**<br><br>**(1) GRANTING RESPONDENT'S MOTION TO DISMISS [ECF No. 4];**<br><br>**(2) DISMISSING PETITION; AND**<br><br>**(3) DENYING CERTIFICATE OF APPEALABILITY** |

Andrew Hollis ("Petitioner") is a state prisoner proceeding through counsel with a Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner challenges his 2017 conviction in San Diego Superior Court case number SCN343741 for first-degree murder with the special circumstance of arson, and his resultant sentence of life without the possibility of parole. (*See* ECF No. 1-3 at 2.) Petitioner raises three claims, in which he contends that his conviction resulted from both (1) the introduction of false expert testimony and (2) the ineffective assistance of trial counsel in failing to call a defense expert and in not arguing for the lesser included offense of second-degree murder; Petitioner also asserts that (3) the state appellate court made numerous errors and violated due process in rejecting his claims on state habeas review. (*See* ECF No. 1 *generally*.)

Respondent has filed a motion to dismiss, in which he asserts that the Petition is untimely. (ECF No. 4.) In the reply, Respondent additionally asserts that the claim arising from the state appellate court's rejection of his state habeas petition is not cognizable on federal habeas review. (ECF No. 10 at 2-3.) The Court has reviewed the motion to dismiss (*id.*), relevant lodged portions of the state court record (ECF No. 5), Petitioner's response (ECF No. 6), and Respondent's reply to the opposition (ECF No. 10).[1] For the reasons discussed below, the Court **GRANTS** Respondent's motion to dismiss, **DISMISSES** the Petition and **DENIES** a certificate of appealability.

## I.     RELEVANT PROCEDURAL HISTORY

On February 28, 2017, following a jury trial, a San Diego Superior Court jury found Petitioner guilty of one count of first-degree murder in violation of Cal. Penal Code § 187(a) and found true the special circumstance that the murder was committed while Petitioner was engaged in the commission or attempted commission of the crime of arson in violation of Cal. Penal Code § 451(b), within the meaning of Cal. Penal Code § 190.2(a)(17). (ECF No. 5-1 at 239.) On March 28, 2017, Petitioner was sentenced to life in prison without the possibility of parole. (*Id.* at 262-63.)

Petitioner appealed, contending that the trial court's instructions on premeditated and deliberate murder were erroneous and prejudicial because they forced the jury into an "all or nothing" choice between first-degree murder and acquittal despite the evidence negating premeditation and deliberation and that the jury should have been instructed on second-degree murder and asserting that the doctrine of ineffective assistance of counsel would serve to excuse him from forfeiture or invited error as to his claim. (ECF No. 5-20.) On November 9, 2018, the California Court of Appeal affirmed the judgment of conviction

---

[1] Although this case was referred to United States Magistrate Judge Steve B. Chu pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has determined that neither a Report and Recommendation nor oral argument are necessary for disposition of this matter. *See* S.D. Cal. CivLR 71.1(d).

in a reasoned opinion.  (ECF No. 5-23.)  Petitioner thereafter filed a petition for review in the California Supreme Court raising this same claim of instructional error and contending review was necessary to address and clarify whether the requisite prejudice standard was one of harmlessness, as the state appellate court applied to the instant case, or fair consideration of the record as a whole.  (ECF No. 5-24.)  On January 16, 2019, the California Supreme Court summarily denied the petition for review, stating in full: "The petition for review is denied."  (ECF No. 5-25.)

On December 31, 2020, Petitioner filed a habeas petition in the San Diego County Superior Court, contending that the basis of the state appellate court's opinion affirming his judgment of conviction had been "upset" by subsequent state penal code amendments concerning the doctrine of natural and probable consequences which had retroactive effect to his case, and contended trial counsel rendered ineffective assistance by not arguing for second-degree murder.  (ECF No. 7-1.)  On January 6, 2021, the superior court issued an order, which stated in relevant part that "[t]he appropriate mechanism for seeking the requested relief is via petition for resentencing pursuant to Penal Code § 1170.95(b)(1)," that "[a]s habeas corpus is not the appropriate remedy, the habeas petition is denied," directed that "the court will deem the filing a petition for resentencing pursuant to Penal Code § 1170.95" and transferred the case to the trial court for determination.  (ECF No. 7-2 at 1-2.)  While a copy of that opinion has not been lodged in this case, Petitioner indicates the trial court denied this petition on April 28, 2021.  (*See* ECF No. 1 at 43-44.)

On January 27, 2022, Petitioner filed a second habeas petition in the San Diego County Superior Court, contending (as he does in the instant Petition) that trial counsel provided ineffective assistance by failing to call a defense arson expert to testify at trial and not arguing for the lesser included offense of second-degree murder and that his conviction was due to false and misleading expert testimony and evidence.  (ECF No. 5-26.)  On May 11, 2023, the superior court denied that habeas petition in a reasoned decision.  (ECF No. 5-27.)  On June 26, 2023, Petitioner filed a habeas petition in the California Court of Appeal raising these same arguments and contending the superior court erred in

rejecting the prior habeas petition, which on July 17, 2023, the state appellate court denied in a reasoned decision. (ECF Nos. 5-28, 5-29.) On September 20, 2023, Petitioner filed a habeas petition in the California Supreme Court, raising each of the claims now presented in the instant federal Petition. (ECF No. 5-30.) On July 17, 2024, the state supreme court denied the petition, stating in full: "The petition for writ of habeas corpus is denied. Guerrero, C.J., was recused and did not participate." (ECF No. 5-31.)

On September 13, 2024, Petitioner filed his federal Petition. (ECF No. 1.) On November 13, 2024, Respondent filed the instant motion to dismiss and lodged portions of the state court record. (ECF Nos. 4-5.) On December 15, 2024, Petitioner filed a response in opposition to the motion to dismiss. (ECF No. 6.) On December 16, 2024, Respondent lodged additional portions of the state court record. (ECF No. 7.) On January 17, 2025, the assigned Magistrate Judge directed Respondent to file a reply (ECF No. 9), and on January 23, 2025, Respondent filed a reply to the opposition. (ECF No. 10.)

## II.   **ANALYSIS**

Respondent asserts that the Petition is "facially untimely" as calculated in accordance with the "ordinary rule" with respect to commencement of the AEDPA limitations period, and further asserts Petitioner is not entitled to statutory or equitable tolling. (ECF No. 4-1 at 4; *see also generally* ECF Nos. 4, 10.) In the reply, Respondent additionally asserts that Petitioner's federal due process claim arising from the state appellate court's rejection of his state habeas petition is not cognizable on federal habeas review. (ECF No. 10 at 2-3.) Petitioner maintains that the Petition is timely because he is entitled to both a later start date of the AEDPA limitations period and tolling of the statute of limitations based on the June 2021 discovery date of the evidence underlying his claims, because the claims in the Petition are based on newly discovered evidence, and because of changes to Cal. Penal Code § 1473 effective January 1, 2021 and January 1, 2023, which he asserts are retroactive to his case; Petitioner contends that due to this later start date, he is entitled to statutory tolling during the time he pursued expert opinions and conducted state court litigation based on this information. (ECF No. 6.)

## A.    Timeliness Under AEDPA

With respect to the statute of limitations, AEDPA provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

A reviewing court must first decide the timeliness or untimeliness of the petition itself before deciding whether statutory and/or equitable tolling renders the petition timely. *See Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002) ("[A] court must first determine whether a petition was untimely under the statute itself before it considers whether equitable tolling should be applied.  As a matter of logic, where a petition is timely filed within the one-year statute of limitation imposed by AEDPA, 28 U.S.C. § 2244(d)(1), then equitable tolling need not be applied.  Similarly, equitable tolling need not be applied where a petition is timely due to statutory tolling under § 2244(d)(2).")

Moreover, "AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis." *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012); *see also Pace v. DeGuglielmo*, 544 U.S. 408, 416 (2005) (noting that "§ 2244(d)(2) itself, . . . refers not just to a 'properly filed application,' but to a 'properly filed application . . . *with respect to the pertinent judgment or claim*.' (Emphasis added.)"), quoting 28 U.S.C. § 2244(d)(2). Thus, the Court will examine the application of AEDPA to each claim individually.

Finally, a habeas petitioner bears the burden to demonstrate the statute of limitations is adequately tolled. *See Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010) ("[Petitioner] bears the burden of proving that the statute of limitation was tolled."), citing *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002), abrogated on other grounds by *Pace*, 544 U.S. 408; *see also Zepeda v. Walker*, 581 F.3d 1013, 1019 (9th Cir. 2009) ("[Petitioner] bears the burden of demonstrating that the AEDPA limitation period was sufficiently tolled."), citing *Smith*, 297 F.3d at 814 (footnote omitted).

## 1.    Commencement Date of AEDPA Statute of Limitations

In most instances, section 2244(d)(1)(A), which provides that the one-year period in which to file a federal petition runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," is used to calculate AEDPA's commencement date. *See* 28 U.S.C. § 2244(d)(1)(A). In this case, the California Supreme Court denied Petitioner's petition for review on January 16, 2019 (*see* ECF No. 5-25), and because Petitioner did not seek a writ of certiorari from the United States Supreme Court, his judgment of conviction became final ninety days later, on April 16, 2019. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("We hold that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Therefore, when a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period

defined by Supreme Court Rule 13 expires.") Thus, in the ordinary course, the AEDPA statute of limitations would have begun to run in this case on April 17, 2019, the day after the expiration of that 90-day period. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (holding that Federal Rule of Civil Procedure 6(a), which instructs that: "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included," was applicable to AEDPA's limitation period), quoting Fed. R. Civ. Proc. 6(a). As such, were the Court to conclude subsection (A) applies in this case, and in the absence of tolling, Petitioner would have had one year, to April 17, 2020, to timely file a federal habeas petition. Here, Petitioner filed his federal Petition on September 13, 2024 (*see* ECF No. 1), well over four years after the expiration of the AEDPA statute of limitations, again absent tolling.

Petitioner first asserts that he is entitled to a later commencement date of the AEDPA statute of limitations. He contends that the Court should apply 2244(d)(1)(D), rather than section 2244(d)(1)(A), to his case "because 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence' did not occur until June 2021." (ECF No. 6 at 8.) Specifically, Petitioner states that in June 2021, his current counsel was contacted by the California Innocence Project, who had reviewed his case and informed his counsel of "previous instances of false testimony" by an expert who testified at his trial. (*Id.* at 5.) Petitioner claims that "[t]his is the **first information** that Petitioner received that there **might** be a problem with expert testimony in his case" and "[t]hus, June 2021 was the **earliest date** Petitioner could realistically start his 'due diligence' to evaluate this potential 'new evidence.'" (*Id.*) Petitioner maintains that because section "2244(d)(1)(D) appl[ies] to the facts of this case," the one-year limitations period did not start to run until after that June 2021 discovery and notes he "has been diligently pursuing expert opinions and/or had litigation pending" since July 10, 2021, shortly after first obtaining the information. (*Id.* at 5, 8.)

However, the commencement date of the AEDPA statute of limitations pursuant to section 2244(d)(1)(D), were the Court to find it applicable here, would not run from the date when the pertinent information was *actually* discovered, but instead would run from "the date on which the factual predicate of the claim or claims presented *could have been discovered through the exercise of due diligence*." 28 U.S.C. § 2244(d)(1)(D) (emphasis added). Petitioner offers nothing to explain why he could not have discovered the potential problems with the expert testimony earlier, as the Court's review of Petitioner's submitted materials, including the declaration by Petitioner's since-retained expert, appear to merely express disagreement with the methods employed and conclusions reached by the testifying experts. (*See* ECF No. 1-2 at 12-13) (expert declaration opined that expert testimony offered by prosecution at trial showed "bias" and that the primary expert "was biased in his use of the data obtained from the study and lacked the foundational knowledge of the [relevant subject matter] to provide relevant testimony" on the matter, that "the lack of an external peer review allowed flawed information to be included in the results," and expressing disagreement with the conclusions offered by that expert).

Petitioner does not indicate that this information was somehow unavailable and could not have been discovered through the exercise of due diligence prior to June 2021, much less demonstrate that the proffered factual predicate for, at a minimum, his claims of false evidence and ineffective assistance of trial counsel were unavailable at the time of trial. Indeed, in the federal Petition, Petitioner contends that the testifying expert witness at trial "provided testimony which was false *pursuant to the current state of scientific knowledge, at the time he provided such opinion*." (ECF No. 1 at 54) (emphasis added.) In so arguing, Petitioner additionally notes as significant that recent amendments to the state penal code providing an avenue for post-conviction challenges to convictions involving false expert testimony "does not now require '*new scientific understanding or technology*.'" (*Id.*) (emphasis in original.) Indeed, the state appellate court similarly found that Petitioner "does not suggest that new scientific understanding or technology undermine the prosecution's experts' opinions. At most, this expert points to what he sees

as flaws in the experiment conducted by the prosecution's testifying expert, including not finding an exact match for the fabric in the jacket and not obtaining further peer review. This new report, however, simply appears to demonstrate a difference of opinion." (ECF No. 5-29 at 4.)

The Court finds the Ninth Circuit's decision in *Hasan v. Galaza*, 254 F.3d 1150 (9th Cir. 2001), both instructive and distinguishable. In that case, the petitioner had "some facts" which supported the performance prong of an ineffective assistance of counsel claim, but because he did not have the requisite "factual predicate" to support both the performance and prejudice prongs until later and there was no information in the record about when he "could have" had the information supporting the prejudice prong, the Ninth Circuit remanded the case to the district court for fact finding. *Id.* at 1155. Here, in contrast, Petitioner appears to plainly acknowledge that the "important facts," that is, both the testimony of the prosecution's experts and the science necessary to counter or contradict their testimony, was all available at the time of trial. (*See e.g.* ECF No. 1 at 54); *see also Hasan*, 254 F.3d at 1154 n.3 (noting that the standard under section 2254(d)(1) is an objective one, and that "'[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'"), quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Indeed, in his federal habeas claim alleging ineffective assistance of trial counsel, Petitioner specifically contends that his defense counsel "never consulted a competent fire scene expert to refute any prosecution 'expert' evidence" (ECF No. 1 at 62), and any such assertion that counsel was deficient in this respect is necessarily premised on defense counsel's presumed ability to procure the relevant expert assistance *at the time of trial*. Moreover, in the substance of that claim itself, Petitioner acknowledges that trial counsel consulted two experts in preparing for trial. (*See id.* at 59-60.) While Petitioner nonetheless contends that one was not qualified to offer an expert opinion and the other was not provided with adequate information to render reasonable assistance (*see id.*), he clearly acknowledges that relevant expert assistance was available at the time of his 2017 trial, and in any event, well before

9

the June 2021 date Petitioner now argues is the earliest date the factual predicate of these claims could have been available. As such, the Court remains unpersuaded that section 2244(d)(1)(D), rather than section 2244(d)(1)(A), applies to his claims of false evidence and ineffective assistance of trial counsel.

With respect to Petitioner's third and final federal habeas claim, in which he asserts a violation of federal due process arising from the state appellate court's denial of his habeas petition raising his claims of false evidence and ineffective assistance of trial counsel, the Court acknowledges that Respondent appears to concede that the factual predicate of this claim may conceivably differ from that of his other two claims. Respondent states: "Arguably, it is the state courts' denial of relief that forms the factual basis of this claim (as opposed to the falsity of the prosecution's evidence)." (ECF No. 10 at 2.) Petitioner does not offer any argument in his pleadings specific to this claim, but instead offers only a blanket and general contention that the AEDPA statute of limitations should run in his case from June 2021. (*See generally* ECF No. 6.)

Upon review, the Court disagrees both with Respondent's apparent concession and Petitioner's general contention as it potentially relates to this claim. The state appellate court's denial of relief appears to the Court to be the *legal* predicate of this third claim, instead of the *factual* predicate. Here, as with Petitioner's other two federal habeas claims, the Court finds the factual predicate of the instant claim is the purported falsity of the expert testimony at trial. Indeed, the premise of Petitioner's arguments in the Petition as to this claim, as with his other two claims, is that his conviction "was the product of substantially material and probative false and misleading forensic testimony." (*See* ECF No. 1 at 66.) Because Petitioner's underlying claims based on false evidence and ineffective assistance of trial counsel could clearly have been discovered and presented earlier, it similarly follows that this claim could also have been discovered well before the June 2021 date Petitioner posits. As such, the Court is not persuaded that the factual predicate of this claim differs from the other two claims, such that a separate commencement date for the AEPDA statute of limitations is somehow applicable to this final claim. Instead, the Court remains

1   unpersuaded that section 2244(d)(1)(D), rather than section 2244(d)(1)(A), potentially

2   applies to this third claim alone.

3           Finally, although not entirely clear, it also appears Petitioner alleges that a "fully

4   retroactive" change in California statutory law somehow assists his claim of timeliness.

5   (*See* ECF No. 6 at 6, 8.)   The Court is not required to liberally construe Petitioner's

6   arguments given he is not proceeding pro se but is instead represented by counsel.  *See*

7   *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("Prisoner pro se pleadings are given

8   the benefit of liberal construction."), citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per

9   curiam).  That said, in an abundance of caution and to the extent Petitioner is attempting to

10  assert that section 2244(d)(1)(C) is perhaps applicable here, any such allegation is a non-

11  starter.  That section provides that the AEDPA limitations period may instead run from

12  "the date on which the constitutional right asserted was initially recognized by the Supreme

13  Court, if the right has been newly recognized by the Supreme Court and made retroactively

14  applicable to cases on collateral review."  28 U.S.C. § 2244(d)(1)(C).  While Petitioner

15  contends that changes in Cal. Penal Code § 1473, effective January 1, 2021, and January

16  1, 2023, are "fully retroactive," those changes are to California *state* law and Petitioner

17  fails to assert, much less demonstrate, that those changes concern constitutional rights

18  recognized by the United States Supreme Court nor made retroactive by that Court to cases

19  such as Petitioner's.  As such, to the extent Petitioner contends that the AEDPA statute of

20  limitations should perhaps run from the 2021 or 2023 changes to the state penal code, the

21  Court finds any such argument wholly unpersuasive.

22          For the reasons discussed, Petitioner fails to demonstrate that a later commencement

23  date for the AEDPA statute of limitations applies to any, much less all, of the claims

24  presented.  The Court therefore concludes that 28 U.S.C. § 2244(d)(1)(A), which again

25  provides that the one-year period in which to file a federal petition runs from "the date on

26  which the judgment became final by the conclusion of direct review or the expiration of

27  the time for seeking such review," applies to each of the three claims raised in the Petition.

28  ///

24cv1643 AJB (SBC)

Because pursuant to 28 U.S.C. § 2244(d)(1)(A), the AEDPA statute of limitations began to run in this case on April 17, 2019, Petitioner had one year, to April 17, 2020, to timely file a federal habeas petition.  Given Petitioner filed his federal Petition on September 13, 2024, in the absence of tolling, his Petition is untimely by over four years. The Court will next consider the potential availability of statutory and/or equitable tolling as discussed below.

### 2.    **Statutory Tolling**

In addition to the provision discussed previously concerning the commencement date of the limitations period, AEDPA also provides for statutory tolling, stating in relevant part: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Petitioner asserts that statutory tolling is available for the entirety of the time between the July 10, 2021, date that counsel first pursued an expert opinion in the case based on the information obtained in June 2021, and the July 17, 2024, date his last state habeas petition was denied in the California Supreme Court concluding the state court litigation.  (ECF No. 6 at 8.)  However, this argument is based on Petitioner's contention that the AEDPA limitations period did not commence until June 2021, when counsel was contacted by the California Innocence Project about the expert testimony at Petitioner's trial, an argument which the Court has rejected for the reasons previously discussed.  Here, because the statute of limitations expired on April 17, 2020, and the rounds of state habeas petitions Petitioner refers to did not actually commence until January 27, 2022 (*see* ECF No. 5-26), such activity cannot provide for statutory tolling given it began well after the limitations period had already lapsed.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."), citing *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

///

Respondent maintains statutory tolling is also not available because Petitioner's first state habeas petition was not filed until December 2020, after the AEDPA limitations period had already run. (*See* ECF No. 4-1 at 4, citing *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006) and *Ferguson*, 321 F.3d at 823.) Respondent additionally notes that the first state habeas petition was re-characterized by the superior court as a resentencing petition and sent to the trial court for review and asserts that a resentencing petition could not have provided for tolling in any event because such a petition does not challenge the underlying judgment within the meaning of section 2244(d)(2). (*See id.* at 4 n. 2, citing *Clayton v. Biter*, 868 F.3d 840, 844 (9th Cir. 2017) (additional citation omitted).)

The Court finds it unnecessary to decide the potential import of the state court's decision to characterize Petitioner's state habeas petition as a petition for resentencing because it is evident that statutory tolling is not available in this case regardless of how that petition is characterized. Even were the Court to treat the superior court petition as a habeas petition, that state petition was filed over eight months after the expiration of the statute of limitations and as Respondent correctly observes (*see* ECF No. 4-1 at 4), that petition cannot provide for statutory tolling of a statute which had already run and tolling is also unavailable for the time between the finality of Petitioner's judgment and the filing of the first state habeas petition. *See Ferguson*, 321 F.3d at 823 ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."), citing *Tinker*, 255 F.3d at 1333; *see Roy*, 465 F.3d at 968 ("[T]he statute of limitations is not tolled 'from the time a final decision is issued on direct state appeal (to) the time the first state collateral challenge is filed.'"), quoting *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

Thus, Petitioner has not met his burden to show that *any* amount of statutory tolling is available, much less a measure of statutory tolling sufficient to render the federal Petition timely filed. *See Banjo*, 614 F.3d at 967, citing *Smith*, 297 F.3d at 814; *see also Zepeda*, 581 F.3d at 1019, citing *Smith*, 297 F.3d at 814. Thus, the Court will proceed to consider whether equitable tolling is available that could render the federal Petition timely filed.

### 3.    Equitable Tolling

In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court held "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland*, 560 U.S. at 645. In so holding, the Supreme Court noted "[w]e have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649, quoting *Pace*, 544 U.S. at 418. "Like any equitable consideration, whether a prisoner is entitled to equitable tolling under AEDPA will depend on a fact-specific inquiry by the habeas court which may be guided by 'decisions made in other similar cases.'" *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011), quoting *Holland*, 560 U.S. at 650.

Petitioner contends he is entitled to equitable tolling, citing both the "change of facts presented through newly discovered evidence" concerning the expert testimony offered at trial given the subsequent expert opinions and the "change of law" rendered by the amendments to Cal. Penal Code § 1473, which he asserts "chang[ed] the law relevant" to the Petition. (ECF No. 6 at 11.) Respondent maintains that Petitioner has not shown any such entitlement, as he has not cited an extraordinary circumstance that prevented timely filing nor addressed his "lack of action" prior to June 2021. (*See* ECF No. 10 at 3, citing *Smith v. Davis*, 953 F.3d 582, 599 (9th Cir. 2020) and *Holland*, 560 U.S. at 645.)

The Court previously rejected Petitioner's contention that his proffered expert declaration, in which the expert disagrees with the methods employed and conclusions reached by the testifying experts, is "newly discovered evidence," as Petitioner fails to assert, much less show, that such evidence was unavailable at the time of trial. Again, Petitioner contends that the testifying expert witness "provided testimony which was false *pursuant to the current state of scientific knowledge, at the time he provided such opinion.*" (ECF No. 1 at 54) (emphasis added.) Moreover, Petitioner alleges trial counsel rendered ineffective assistance in failing to counter this evidence at trial. (*See id.* at 62.) Petitioner thus fails to show that any "change of facts" provides a basis for equitable tolling.

14

Petitioner also fails to show that the asserted "change in law" amounts to an extraordinary circumstance which prevented timely filing.  Again, in the Petition, Petitioner observes that recent amendments to the state penal code providing an avenue for post-conviction challenges to convictions involving false expert testimony "does not now require '*new scientific understanding or technology*.'"  (*Id.*) (emphasis in original.)  However, the Court is in accord with the state appellate court that Petitioner's now proffered expert declaration does not demonstrate that the expert trial testimony was false, but instead points to "flaws" in that testimony and reflects a "difference of opinion."  (*See* ECF No. 5-29 at 4.)  Thus, Petitioner does not show that his claims could not have been brought prior to the recent state penal code amendments or that those changes made a claim or claims available that were not previously available to raise, much less that he was prevented from bringing these claims earlier.  *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) ("The prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness.'"), quoting *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003).  Indeed, it is altogether unclear how Petitioner could so argue, given one of his federal habeas claims alleges ineffective assistance of trial counsel, in which he plainly contends the relevant information was available *at the time of trial* and faults trial counsel for failing to investigate the validity of the prosecutor's proffered experts or retain an expert to testify to counter that expert testimony.

Nor has Petitioner demonstrated the requisite diligence throughout the pertinent time period.  Again, Petitioner contends that he diligently pursued his claims between July 10, 2021, shortly after his counsel was contacted by the California Innocence Project, through July 17, 2024, when the California Supreme Court denied the most recent state petition. (ECF No. 6 at 8.)  However, as Respondent accurately points out (*see* ECF No. 10 at 3), Petitioner fails to show diligence prior to June 2021.  *See Smith*, 953 F.3d at 598-99 (holding in relevant part that a petitioner requesting equitable tolling "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the

time of filing his claim in federal court.")  While Petitioner correctly and repeatedly notes that only reasonable diligence, rather than "maximum feasible diligence," is required for equitable tolling (*see* ECF No. 6 at 9, 11-12, citing *Holland*, 560 U.S. at 653), his failure to assert, much less demonstrate, reasonable diligence prior to July 2021 plainly also counsels against finding any grounds supporting an entitlement to equitable tolling.  *See Smith*, 953 F.3d at 598-99.  Thus, because Petitioner has neither shown reasonable diligence throughout the relevant time period nor persuasively shown the existence of an extraordinary circumstance that prevented timely filing of his claims, the Court finds equitable tolling is not warranted in this instance.  *See Holland*, 560 U.S. at 649.

As a result of his inability to show that any statutory and/or equitable tolling is available, much less tolling sufficient to render the federal Petition timely filed, Petitioner fails to sustain his burden to show that his three claims for habeas relief were filed in a federal Petition prior to the expiration of the one-year statute of limitations.  *See Banjo*, 614 F.3d at 967 ("[Petitioner] bears the burden of proving that the statute of limitation was tolled."), citing *Smith*, 297 F.3d at 814; *see also Zepeda*, 581 F.3d at 1019 ("[Petitioner] bears the burden of demonstrating that the AEDPA limitation period was sufficiently tolled."), citing *Smith*, 297 F.3d at 814 (footnote omitted).  Accordingly, the Court grants Respondent's motion to dismiss on the grounds that the federal Petition is untimely.

### B.     Cognizability of Claim Arising From State Appellate Court Decision

In the Reply, Respondent additionally asserts that Petitioner's federal habeas claim arising from the state appellate court's rejection of his state habeas petition is not cognizable on federal habeas review, citing in support several California district court decisions concerning the California statute on which this claim is based.  (*See* ECF No. 10 at 2-3, citing *Cervantes v. Moore*, 2024 WL 1134976 (C.D. Cal. Jan. 3, 2024), *Walker v. Montgomery*, 2023 WL 2248737 (C.D. Cal. Jan 18, 2023, adopted by 2023 WL 2247051 (Feb. 26, 2023), *Hawks v. Billeci*, 2022 WL 2918908 (N.D. Cal. July 25, 2022).)

However, because the Court has determined that each of Petitioner's three claims are untimely and dismissal of the instant Petition is warranted on that basis, it appears

unnecessary to address whether this sole claim also warrants dismissal for lack of cognizability on federal habeas review. As such, the Court declines to address this matter.[2]

## III.   <u>CERTIFICATE OF APPEALABILITY</u>

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C.A. foll. § 2254. This requirement includes a district court's decision based on procedural grounds. *See Buck v. Davis*, 580 U.S. 100, 122 (2017) ("[A] litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not 'deserve encouragement to proceed further.'"), quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds reasonable jurists would not find debatable the Court's conclusions that 28 U.S.C. § 2244(d)(1)(A) applies to each of the three claims in the Petition and that Petitioner is not entitled to statutory or equitable tolling sufficient to render the federal Petition timely as to any of his three claims for relief. *See* 28 U.S.C. 2253(c); *Slack*, 529 U.S. at 484. Accordingly, the Court declines to issue a certificate of appealability.

## IV.   <u>CONCLUSION AND ORDER</u>

For the reasons discussed above, the Court **GRANTS** Respondent's motion to dismiss [ECF No. 4] and **DISMISSES** the Petition. The Court **DENIES** a certificate of appealability. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: April 9, 2025

Hon. Anthony J. Battaglia
United States District Judge

---

[2] Given this argument was not raised until the reply, it is also within the Court's discretion to decline to consider it on that basis alone. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."), citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003).